**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FARNAZ JAVIDPANAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-03417 (UNA) |
| | ) | |
| MARCO A. RUBIO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

Plaintiff has filed a *pro se* Complaint, ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Upon review, the Court grants the IFP Application, and for the reasons explained below, it dismisses this case without prejudice.

Plaintiff, who resides in Iran, sues the U.S. Secretary of State and the Department of State. She was selected in the diversity-visa lottery for fiscal year 2026, but was ultimately, on November 25, 2025, refused a visa under Section 212(f) of the Immigration and Nationality Act, which suspends the entry of both immigrants and nonimmigrants from Iran.

In the interim, in December 2025, a diversity-visa recipient allegedly killed two students at Brown University and was later suspected of killing an MIT professor. *Ivanov v. Trump*, No. 26-cv-915 (RLJ), 2026 WL 2494805, at *2 (D.D.C. Aug. 25, 2026). In response, the State Department "pause[d] all visa issuances to diversity immigrant visa applicants" and instructed consular officers to "refuse . . . all" diversity-visa applications. *Id.* at *3 (citations omitted).

Complicating this issue that diversity-visa selectees "remain eligible to receive [a] visa only through the end of the specific fiscal year for which they were selected." 8 U.S.C. § 1154(a)(1)(I)(ii)(II). Accordingly, "when midnight strikes at the end of the fiscal year, those applicants without visas are out of luck." *Yung-Kai Lu v. Tillerson*, 292 F. Supp. 3d 276, 282

(D.D.C. 2018). Relevant here, for "FY 2026 principal and derivative applicants, the clock runs out on September 30, 2026." *Gadasi v. Rubio*, No. 26-cv-2549, 2026 WL 2754355, at *1 (D.D.C. Sept. 17, 2026). That means that, once the fiscal year ends, so does Plaintiff's chance for reconsideration, resubmission, or other relief, if available, relating to her visa application. *See id.* But this situation presents a catch-22, because Plaintiff is presently prevented from seeking timely relief due to the noted categorical pause. *See id*. Plaintiff asks this Court to review the State Department's categorical pause, declare it unlawful, and enjoin the Defendant from applying it.

Plaintiff, however, qualifies automatically as a member "of a subclass that was recently certified in *Medani v. Trump*, No. 26-cv-6332, 2026 WL 2547287 (N.D. Cal. Aug. 28, 2026)." *See id*. The *Medani* court has already enjoined the challenged pause policy and ordered the State Department to move expeditiously on diversity visas. *See id*. at *3. For that reason, Plaintiff's claims are barred in this District by the "first-to-file rule." *See id*. "Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (citing *Hilton Hotels Corp. v. Weaver*, 325 F.2d 1010, 1010 (D.C. Cir. 1963) (per curiam). Because *Medani* was filed first and has progressed well beyond the stage of the instant case, this Court is obligated to "avoid piecemeal litigation when common claims arise from systemic harms that demand injunctive relief." *See DL v. District of Columbia*, 860 F.3d 713, 726 (D.C. Cir. 2017); *see also Gadasi,* 2026 WL 2754355, at *4 (citing *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief . . . cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action."); *Faizi v. Garland*, No. 24-cv-839, 2024 WL 5075824, at *3–5 (D.D.C. Dec. 11, 2024) (same).

Put differently, because "the first-to-file rule favors the *Medani* class action over" the instant lawsuit, Plaintiff must seek "relief as [a] member of the *Medani* class." *Gadasi,* 2026 WL 2754355, at *4 (citing cases); *Polat v. Dep't of State*, No. 26-2555, 2026 WL 2875068, at *2 (D.D.C. Sept. 24, 2026) (same); *Ugrenyuk v. Rubio*, No. 26-03181, 2026 WL 2836682 (D.D.C. Sept. 22, 2026) (same).

Consequently, this case is dismissed without prejudice. Plaintiff's Motion for Temporary Restraining Order, ECF No. 3, is denied without prejudice as moot. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 14, 2026